UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK BROWN, a/k/a ORVILLE FRANCIS,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, GLORIA IHENACHO,
FRANTZ NICOLAS, SAMUEL OKOROZO,
VANKATESH REDDY, LESTER
LIEBERMAN, and CITY OF NEW YORK,

Defendants.

MEMORANDUM DECISION
AND ORDER

11 Civ. 5315 (GBD) (FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 01 2013

GEORGE B. DANIELS, United States District Judge:

Plaintiff Mark Brown brought this action while incarcerated under 42 U.S.C. § 1983 on July 27, 2011 complaining of his conditions of confinement. Since that time, the Court and defense counsel have had considerable trouble locating Plaintiff because he has failed to keep the Court appraised of his current address. Service packages mailed to Plaintiff on September 16, 2011 and November 16, 2011 were returned as undeliverable. On April 16, 2012, this Court ordered Plaintiff to serve the defendants within 120 days or have his complaint dismissed. It appears as though Plaintiff received this order and attempted to affect service, as an executed waiver of service was returned by the City of New York on May 21, 2012.[1] ECF No. 27. On May 30, 2012, another service package mailed to Plaintiff was returned as undeliverable. On July 19, 2012, the New York City Law Department sought dismissal by letter pursuant to Fed. R.

---

[1] Defense counsel returned unexecuted waivers for the individual defendants on April 19, 2012. ECF No. 25.

Civ. P. 41(b). By memo endorsement, Magistrate Judge Frank Maas, to whom this Court had referred the action, warned Plaintiff that failure to contact the Court would result in dismissal of his claims without prejudice. ECF No. 30. A copy of that endorsed letter sent to Plaintiff was returned as undeliverable.

Neither counsel for defendants nor this Court has heard from Plaintiff since May, 2012. The last known address for Plaintiff was an Immigration and Customs Enforcement ("ICE") facility in Batavia, NY. On September 19, 2012, Magistrate Judge Maas issued his Report and Recommendation, recommending dismissal without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 31.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Maas advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. Although six months passed, no party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Maas properly determined that Plaintiff's complaint should be dismissed. This Court may dismiss a claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Plaintiff has continually failed to advise the Court of his address in a timely manner, and mail sent to him has repeatedly been returned as undeliverable. As his last known address was an ICE detention facility, it is possible that he has been removed. Because the Court has no information concerning his country of origin, it is not possible to perform a search of the ICE online locator to determine his present whereabouts.

## Conclusion

Plaintiff's complaint is DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

Dated: April 1, 2013
      New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

APR 01 2013

3